UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civil Action No. 2: 23-038-DCR |
| V. | ) |
| ANDREW WILLIAMS, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The United States claims that Defendant Andrew Williams did not pay proper federal income taxes for several years. It filed suit in March 2023 seeking to collect the unpaid taxes and to foreclose on Williams' property located in Villa Hills, Kentucky. The United States has now filed a motion for summary judgment [Record No. 29], to which Williams did not respond.

The United States has tendered substantial proof, indicating that Williams owes the amounts alleged and that the United States is entitled to foreclose on the subject property. Additionally, there is no dispute that the United States' lien on Williams' property is superior to that of Defendant City of Villa Hills. Accordingly, the United States' motion for summary judgment will be granted. Further, default judgment will be entered against Defendant Commonwealth of Kentucky, which was provided proper notice of this action, but failed to answer or otherwise respond to the Complaint.

I.

The United States filed this action on March 22, 2023, seeking to collect unpaid income taxes owed by Defendant Andrew Williams and to enforce corresponding federal tax liens on property Williams owns in Villa Hills, Kentucky. The United States identified amounts that Williams owes for tax years 2004 through 2014, which total $892,577.55. The United States also named the Commonwealth of Kentucky and the City of Villa Hills as defendants, recognizing that those entities may claim or have an interest in Williams' property at 2529 Thirs Drive, Villa Hills, Kentucky 41017.[1] The City of Villa Hills answered the Complaint and filed a cross-claim against Williams, alleging that he owes the City a total of $12,718 in ad valorem taxes for tax years 2016 through 2022. [Record No. 13] The Commonwealth of Kentucky did not answer or otherwise respond to the Complaint.[2]

Following the close of discovery, the United States moved for summary judgment against Williams and the City of Villa Hills. [Record No. 29] It also seeks entry of default judgment against the Commonwealth of Kentucky. Villa Hills filed a timely response, indicating that it has no objection to the United States' motion and that it agrees with the priority of the liens set forth therein. [Record No. 30] Williams failed to tender a response to the United States' motion for summary judgment. *See* L.R. 7.1 (c).

---

[1]  The quit claim deed dated August 30, 2016, lists the property address as 2529 Thirs Drive, Covington, Kentucky 41011. [Record No 1-1] However, the remainder of the record, including the Complaint, Villa Hills' notice of delinquent tax notice, and the proposed order of sale all provide an address of 2529 Thirs Drive, Villa Hills, Kentucky 41017.

[2]  The Clerk of the Court entered a default against the Commonwealth of Kentucky on June 6, 2023. [Record No. 9]

**II.**

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of identifying the part of the record that indicates no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Ordinarily, to survive the motion, the nonmoving party must demonstrate specific facts illustrating that a genuine issue of material fact exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). However, despite Williams' failure to respond to the plaintiff's motion, the Court will not grant summary judgment unless it finds that "the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to relief." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2002); Fed. R. Civ. P. 56(e)(3).

**III.**

**A.**     **The United States is entitled to summary judgment with respect to its claims against Williams.**

A delegate of the Secretary of the Treasury made income tax assessments for tax periods ending 2004 through 2014, totaling $899,577.55, as provided in Exhibit A to the United States' motion for summary judgment. [Record No. 29-2] "An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness. . . ." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). "Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992).

Additionally, when questioned about the tax assessments during his deposition, Williams confirmed that he had no reason to dispute their accuracy and possessed no documents to refute them. [*See* Record No. 29-3.] In the absence of evidence to the contrary, there is no genuine issue of material fact with respect to Williams' liability for unpaid income taxes in the amount of $892,577.55.

A federal tax lien attaches to all property or rights to property of the delinquent taxpayer. 26 U.S.C. § 6321. The United States tendered evidence indicating that Williams has an interest in the property located at 2529 Thirs Drive, Covington, Kentucky 41011 and that this property is titled solely in his name. [Record No. 1-1] Further, the IRS filed Notices of Federal Tax Liens securing Williams' federal income tax liabilities with the Kenton County Clerk's Office on the dates listed in the United States' Exhibit C. [*See* Record No. 29-4.]

Williams has failed to assert any defense regarding the United States' ability to foreclose on the Villa Hills Property and admits having no documents to assert any such defense. [*See* Record No. 29-5.] Accordingly, there is no genuine question that the United States may foreclose on the property located at 2529 Thirs Drive.

**B.     The United States is entitled to summary judgment with respect to its claim against the City of Villa Hills.**

When the United States seeks to foreclose its tax liens, the Court must "finally determine the merits of all claims to and liens upon the property." 26 U.S.C. § 7403(c); *see United States v. Winsper*, 680 F.3d 482, 488 (6th Cir. 2012). In ordering the sale of the Villa Hills Property, the Court must resolve the priority of liens against the property, which is determined by federal law. *See Aquilino v. United States*, 363 U.S. 509, 513-14 (1960); *AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 865 (6th Cir. 2019). Priority is "governed

by the common-law principle that 'first in time is the first in right.'" *AES-Apex Emp. Servs.*, 924 F.3d at 865 (quoting *United States v. McDermott*, 507 U.S. 447, 449 (1993)).

The timing of a federal tax lien is measured by when the IRS gave notice of the lien. 26 U.S.C. § 6323(a), (f). The United States filed its Notices of Federal Tax Lien on September 23, 2014; April 28, 2015; and December 8, 2022. [Record No. 29-4] The ad valorem taxes owed to the City of Villa Hills did not arise until after the 2016 tax year, and the City of Villa Hills recorded its notice on September 19, 2019. [Record No. 13-1] Accordingly, as the United States contends, its liens for which notice was filed in 2014 and 2015 have priority over the City of Villa Hills' liens, but the City of Villa Hills has priority over the federal tax liens for which notice was not filed until 2022. Having reviewed the record and the applicable caselaw, the Court is satisfied that the parties' position is correct.

**C.     The United States is entitled to default judgment against the Commonwealth of Kentucky.**

The United States named the Commonwealth of Kentucky as a defendant in this action based on its belief that the Commonwealth may have an interest in Williams' property located at 2529 Thirs Drive. The United States Court of Appeals for the Sixth Circuit has noted that when considering whether to enter a default judgment, district courts should consider: the possible prejudice to the plaintiff; the merits of the claims; the sufficiency of the complaint; the amount of money at stake; possible disputed material facts; whether the default was due to excusable neglect; and the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. Apr. 29, 2002) (unpublished) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

These factors favor granting default judgment against the Commonwealth. The record indicates that the Commonwealth was successfully served with process on March 28, 2023, and failed to answer or otherwise respond to the Complaint. The Clerk of the Court granted the United States' motion for entry of default on June 6, 2023. [Record No. 9] The United States would be prejudiced in the absence of default judgment, as it would be precluded from selling the subject property which will enable it to collect (at least partially) on Williams' liabilities. And as the United States points out, by failing to respond to the Complaint, the Commonwealth has not asserted any interest in the property or the proceeds from the sale of the Villa Hills property. Accordingly, entry of default judgment against the Commonwealth of Kentucky is appropriate in this case.

### IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The United States' motion for summary judgment against Defendant Andrew Williams and the City of Villa Hills and for default judgment against Defendant Commonwealth of Kentucky [Record No. 29] is **GRANTED**.

2. A separate Order of Sale regarding the Real Property located at 2529 Thirs Drive, Villa Hills, Kentucky 41017 (Villa Hills Property) will be entered contemporaneously herewith.

Dated: March 18, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky